## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK A. CARFAGNO and KATHERINE M. CARFAGNO,

        Plaintiffs,

    v.                                                         :  Civil Action No.: 06-cv-3737

THE PHILLIES,

        Defendant.

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT TO PLAINTIFFS' COMPLAINT

Defendant, The Phillies, by its undersigned counsel, for its answer to the complaint of plaintiffs Mark A. Carfagno (hereafter, "plaintiff" or "Carfagno") and Katherine M. Carfagno (hereafter, "Ms. Carfagno"):

1.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies those allegations.

2.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies those allegations.

3.     Admits the allegations in paragraph 3.

4.     Denies the allegations in paragraph 4 as conclusions of law to which no response is required, except admits that The Phillies have employed more than twenty (20) employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

Dockets.Justia.com

5.    Denies the allegations in paragraph 5 as conclusions of law to which no response is required.

## JURISDICTION AND VENUE

6.    Denies the allegations in paragraph 6 as conclusions of law to which no response is required.

7.    Denies the allegation in paragraph 7 as a conclusion of law to which no response is required.

8.    Denies the allegations in paragraph 8 as conclusions of law to which no response is required.

9.    States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies those allegations.

10.    States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies those allegations, except states, on information and belief, that Carfagno was first hired in or around the spring of 1971 to assist with the give-aways and then transferred to a grounds crew position several months later.

11.    Denies the allegations in paragraph 11.

12.    Denies the allegations in paragraph 12, except states that Carfagno engaged in at least several of the activities identified from time-to-time.

13.    Denies the allegations in paragraph 13.

14.    Denies that Boekholder was hired as head groundskeeper in June 2003; his date of hire was July 1, 2003.  The Phillies admits that Boekholder was 29 years old at the time he was hired and that he did not have experience as a groundskeeper in major league professional baseball.  However, by way of further answer, The Phillies states that Boekholder had extensive

experience with natural grass playing fields as a head groundskeeper in minor league baseball.

Boekholder won the minor league "Groundskeeper of the Year" award for seven consecutive

years, 1995 through 2001; won the International League's "Groundskeeper of the Year" award in

1999, 2000 and 2001; and the "Sports Turf Manager of the Year" award the season before he

was hired by The Phillies.

   15. States that it is without knowledge or information sufficient to form a

belief as to the truth of the allegation in paragraph 15 and therefore denies those allegations.  By

way of further answer, The Phillies states that it publicly announced its selection of Mike

Boekholder as the new head groundskeeper in June 2003, although the ground crew did not

begin reporting to Boekholder until approximately mid- to late February 2004.

   16. Denies the allegations in paragraph 16.

   17. Denies the allegations in paragraph 17.

   18. Denies the allegations in paragraph 18, except states that pulling the tarp

was a group effort and it was not unusual for any member of the ground crew, including but not

limited to Boekholder, to yell at another member of the crew, including Carfagno, if that member

was not pulling the tarp properly.  The Phillies specifically denies that Boekholder ever singled

out Carfagno or treated him differently in any way because of his age.

   19. Denies the allegations in paragraph 19, except states that it was not

unusual for Boekholder to correct any member of the ground crew, including Carfagno, if he

perceived the crew member to be doing the job incorrectly.  The Phillies specifically denies that

Boekholder ever singled out Carfagno or treated him differently in any way because of his age.

   20. Denies the allegations in paragraph 20, except states that Boekholder or

his assistant did correct Carfagno's raking of the bases on one occasion during or immediately

before a game but denies that it was done in a way that was intended to cause, or that reasonably

could have caused, Carfagno to be humiliated as alleged.  The Phillies specifically denies that

Boekholder ever singled out Carfagno or treated him differently in any way because of his age.

21.    Denies the allegations in paragraph 21.

22.    Denies the allegations in paragraph 22.

23.    Denies the allegations in paragraph 23, except states that, at Veterans

Stadium, all ground crew members typically were situated in the tunnel area behind home plate

during games.  By way of further answer, The Phillies states that this arrangement was not

feasible in Citizens Bank Park for Carfagno, or for any other member of the ground crew.

24.    Denies the allegations in paragraph 24.

25.    Denies the allegations in paragraph 25 and specifically denies that

Boekholder engaged in any discriminatory conduct.

26.    Denies the allegations in paragraph 26 and specifically denies that

Boekholder engaged in any discriminatory conduct.

27.    Denies the allegations in paragraph 27 and specifically denies that

Boekholder engaged in any discriminatory conduct.

28.    Denies the allegations in paragraph 28, except states that Carfagno and

another member of the ground crew complained to DiMuzio about Boekholder's demanding

expectations and what Carfagno and the other employee perceived to be Boekholder's overly-

critical management style.  By way of further answer, The Phillies states that the complaint

voiced to DiMuzio by Carfagno and the other crew member did not in any way raise an issue of

age-based discrimination.

29.    Denies the allegations in paragraph 29, except states that DiMuzio may have told Carfagno to "hang in" or words to that effect and stated that he would look into the possibility of finding Carfagno a different position in the organization but there was no acknowledgment that Carfagno was being discriminated against.

30.    Denies the allegations in paragraph 30.

31.    Denies the allegations in paragraph 31.

32.    Denies the allegations in paragraph 32, specifically denies that Boekholder harassed or discriminated against Carfagno because of his age and further denies that Stiles had any reason to know that Carfagno believed he was being treated improperly, or in any way differently, based on his age.

33.    Denies the allegations in paragraph 33.

34.    Denies the allegations in paragraph 34.

35.    States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies those allegations, except admits that Carfagno never again performed any work for The Phillies after he left work early on April 13, 2004 claiming that he felt ill.

36.    Denies the allegations in paragraph 36 and specifically denies that Carfagno experienced discriminatory treatment.

37.    Denies the allegations in paragraph 37 on the basis that the terms of the July 1, 2004 letter speak for themselves.  By way of further answer, The Phillies paid Carfagno 100% of his salary for the first 60 days of his absence from work despite the fact that The Phillies was under no obligation to do so.

38.    Denies the allegations in paragraph 38 on the basis that the terms of the July 1, 2004 letter speak for themselves.

39.    Denies the allegations in paragraph 39, except states that The Phillies sent Carfagno a letter dated October 1, 2004 and the terms of that letter speak for themselves.

40.    Denies the allegation in paragraph 40.

41.    Denies the allegations in paragraph 41.

42.    Denies the allegations in paragraph 42.

43.    Denies the allegations in paragraph 43.  By way of further answer, The Phillies states that Carfagno was cleared to return to work by his own treating physician and his own treating counselor at least as early as June 2004.

44.    Denies the allegations in paragraph 44.

45.    Denies the allegations in paragraph 45 except states that, in 2003, The Phillies created a 75-minute historical retrospective documentary hosted by The Phillies' chairman, Bill Giles, entitled "Field of Memories:  The Story of Phillies Baseball at the Vet," which is copyrighted by The Phillies, 2003.

46.    Denies the allegations in paragraph 46, except states that Carfagno appears briefly at four or five points, for a total of approximately 87 seconds on a two-disc set entitled, "The Vet: The Complete History of Phillies Baseball at Veterans Stadium," which collectively contains approximately two hours and 42 minutes of footage plus additional bonus footage, and that one appearance is preceded by a title, "Frog."

47.    Admits the allegation in paragraph 47 with respect to, specifically, the first of the two discs, "Field of Memories:  The Story of Phillies Baseball at the Vet."

48.     Denies the allegations in paragraph 48 and specifically denies that Carfagno was constructively discharged, except states, on information and belief, that clips of the disc, among other things, have been broadcast for rain delays, and further states that the clips have not been broadcast for commercial or promotional purposes.  By way of further answer, The Phillies states that it is without knowledge or information sufficient to form a belief as to whether, or how often, if ever, Carfagno has appeared in the clips that were broadcast.

49.     Admits only that The Phillies has a practice of broadcasting, among other things, clips of the disc on television to fill time during rain delays.  By way of further answer, The Phillies states that it is without knowledge or information sufficient to form a belief as to whether, or how often, if ever, Carfagno has appeared in the clips that were broadcast.

50.     Admits only that The Phillies has a practice of broadcasting, among other things, clips of the disc on PhanaVision to fill time during rain delays.  By way of further answer, The Phillies states that it is without knowledge or information sufficient to form a belief as to whether, or how often, if ever, Carfagno has appeared in the clips that were broadcast.

51.     Admits the allegations in paragraph 51.

52.     Denies the allegations in paragraph 52, except states that the book includes an incidental appearance by a ground crew character named "Froggy" and that the book is copyrighted by The Phillies, 2003.  By way of further answer, The Phillies denies that it uses Carfagno's name or likeness for any promotional or commercial purpose.

53.     Admits the allegations in paragraph 53.  By way of further answer, The Phillies denies that it uses Carfagno's name or likeness for any promotional or commercial purpose.

54.     Denies the allegations in paragraph 54 and specifically denies that Carfagno was constructively discharged and denies that it has used Carfagno's name or likeness for promotional or commercial purposes.  By way of further answer, and without prejudice to The Phillies' position that it does not need Carfagno's consent, The Phillies asserts that Carfagno never objected to the use of his name or likeness in the video and book until his attorney sent a letter dated August 22, 2006 to counsel for The Phillies.

55.     Denies the allegations in paragraph 55 on information and belief.

56.     Denies the allegations in paragraph 56, except states that the book has been sold for commercial purposes.

57.     Denies the allegations in paragraph 57.  By way of further answer, The Phillies denies that there is any value associated with plaintiff's name or likeness.

58.     Denies the allegations in paragraph 58.  By way of further answer, The Phillies denies that there is any value associated with plaintiff's name or likeness.

59.     Denies the allegations in paragraph 59.

60.     Denies the allegations in paragraph 60.

61.     Denies the allegations in paragraph 61.

62.     Denies the allegations in paragraph 62.

63.     Denies the allegations in paragraph 63.

## COUNT I

### Discrimination on the Basis of Age in Violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq.

64.     Incorporates by reference its responses to paragraph 1 through 63 as though fully set forth herein.

65.     Denies the allegations in paragraph 65.

66.    Denies the allegations in paragraph 66.

**WHEREFORE,** defendant The Phillies denies that plaintiff is entitled to the relief sought, or to any relief whatsoever, and asks that the Court enter judgment in its favor and that it award The Phillies its costs and disbursements in this action, including attorneys' fees and such other relief as the Court deems just and proper.

## COUNT II

### Discrimination on the Basis of Age in Violation of the Philadelphia Fair Practices Ordinance, Pa. Code § 9-1103 et seq.

67.    Incorporates by reference its responses to paragraphs 1 through 66 as though fully set forth herein.

68.    Denies the allegations in paragraph 68.

69.    Denies the allegations in paragraph 69.

70.    Denies the allegation in paragraph 70 as a conclusion of law to which no response is required.

**WHEREFORE,** defendant The Phillies denies that plaintiff is entitled to the relief sought, or to any relief whatsoever, and asks that the Court enter judgment in its favor and that it award The Phillies its costs and disbursements in this action, including attorneys' fees and such other relief as the Court deems just and proper.

## COUNT III

### Appropriation of Name or Likeness, Restatement (Second) of Torts § 652C

71.    Incorporates by reference its responses to paragraphs 1 through 70 as though fully set forth herein.

72.     Denies the allegations in paragraph 72.

73.     Denies the allegations in paragraph 73.

74.     Denies the allegations in paragraph 74 on information and belief.

75.     Denies the allegations in paragraph 75, except states that the book has been sold for commercial purposes.

76.     Denies the allegations in paragraph 76.  By way of further answer, The Phillies denies that there is any value associated with plaintiff's name or likeness.

77.     Denies the allegations in paragraph 77.  By way of further answer, The Phillies denies that there is any value associated with plaintiff's name or likeness.

78.     Denies the allegations in paragraph 78.

79.     Denies the allegations in paragraph 79.

80.     Denies the allegations in paragraph 80.

81.     Denies the allegations in paragraph 81.

82.     Denies the allegations in paragraph 82.

**WHEREFORE,** defendant The Phillies denies that plaintiff is entitled to the relief sought, or to any relief whatsoever, and asks that the Court enter judgment in its favor and that it award The Phillies its costs and disbursements in this action, including attorneys' fees and such other relief as the Court deems just and proper.

## COUNT IV

### Loss of Consortium

83.     Incorporates by reference its responses to paragraphs 1 through 82 as though fully set forth herein.

84.    States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 and therefore denies those allegations, except denies that it unlawfully appropriated Carfagno's name and/or likeness at any time.

85.    States that it is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding the purpose or intent of Ms. Carfagno in suing The Phillies and therefore denies that allegation.  The Phillies denies that it unlawfully appropriated Carfagno's name and/or likeness at any time and that Carfagno suffered any harm as a result of such alleged unlawful appropriation.

86.    Denies the allegations in paragraph 86.

87.    Denies the allegations in paragraph 87.

**WHEREFORE,** defendant The Phillies denies that plaintiff Ms. Carfagno is entitled to the relief sought, or to any relief whatsoever, and asks that the Court enter judgment in its favor and that it award The Phillies its costs and disbursements in this action, including attorneys' fees and such other relief as the Court deems just and proper.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant did not violate any duty to or right of the plaintiffs or to either of them.

## THIRD AFFIRMATIVE DEFENSE

At all relevant times, defendant acted reasonably, in good faith and with due diligence toward plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

Defendant's actions were taken for legitimate, non-discriminatory reasons.

### FIFTH AFFIRMATIVE DEFENSE

Defendant acted reasonably to prevent any unlawful harassing or discriminatory conduct and plaintiff Carfagno failed to act reasonably to take advantage of defendant's policies and procedures designed to prevent and remedy unlawful harassment and discrimination.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff Carfagno voluntarily resigned before The Phillies knew that he believed he experienced unlawful harassment or discrimination.  Any failure by The Phillies to take prompt remedial action was caused by plaintiff Carfagno's failure to notify The Phillies of the improper conduct.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff Carfagno was not constructively discharged and did not suffer a tangible adverse employment action.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant is not liable for the harassment allegedly committed by its employee, if it occurred at all, because such conduct was prohibited by defendant and falls outside the course and scope of the alleged harasser's employment.

### NINTH AFFIRMATIVE DEFENSE

If plaintiff Carfagno suffered any damages or losses, such damages or losses were caused in whole or in part by plaintiff's own conduct, acts or omissions.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff gave his express or implied consent to defendant to allow defendant to use his name or likeness in the manner it did.

## TWELFTH AFFIRMATIVE DEFENSE

Any use of plaintiff's name or likeness by defendant was only incidental.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any use of plaintiff's name or likeness by defendant was for newsworthy

purposes in that the works in which his name or likeness appear are historical in nature.

## FOURTEENTH AFFIRMATIVE DEFENSE

There is no value associated with plaintiff's name or likeness.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action for misappropriation of name or likeness is barred by

the statute of limitations.  42 PA. C.S. § 5523 (one year statute of limitations for invasion of

privacy).


**WHEREFORE,** defendant The Phillies denies that plaintiffs are entitled to the

relief sought, or to any relief whatsoever, and asks that the Court enter judgment in its favor and

that it award The Phillies its costs and disbursements in this action, including attorneys' fees and

such other relief as the Court deems just and proper.


Dated:  September 13, 2006                         /s/ Richard L. Strouse
                                                  Richard L. Strouse
                                                  Attorney I.D. No.: 34490
                                                  Samuel R. King
                                                  Attorney I.D. No.: 95064
                                                  Attorneys for Defendant The Phillies

OF COUNSEL:
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
(215) 665-8500

## <u>CERTIFICATE OF SERVICE</u>

I, Samuel R. King, hereby certify that a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendant The Phillies to Plaintiffs Mark Carfagno's and Katherine Carfagno's Complaint has been filed electronically on this date and is available for viewing and downloading from the ECF system.

I further certify that I caused the foregoing Answer and Affirmative Defenses of Defendant The Phillies to be served on plaintiffs by sending a true and correct copy of the same via first class mail, postage pre-paid, to plaintiffs' attorney addressed as follows:

Nancy O'Mara Ezold, Esquire
One Belmont Ave., Suite 501
Bala Cynwyd, Pennsylvania  19004

Date:  September 13, 2006                    /s/ Samuel R. King
                                             Samuel R. King

DMEAST #9595542 v1